UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN AYERLE, | ) CASE NO. CV 17-8752-R |
| | ) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S |
| | ) MOTION TO REMAND |
| v. | ) |
| | ) |
| FORD MOTOR COMPANY; et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Before the Court is Plaintiff's Motion to Remand Case to San Luis Obispo County Superior Court, filed on January 4, 2018, (Dkt. 14), and Defendant Ford Motor Company's Motion to Strike Portions of Plaintiff's First Amended Complaint, filed on January 9, 2015 (Dkt. 17). Having been thoroughly briefed by the parties, this Court took the matters under submission on February 15, 2018.

On November 14, 2017, Plaintiff filed his Complaint in the San Luis Obispo County Superior Court, naming Defendant Ford Motor Company as the sole defendant. The Complaint alleged causes of action for violations of the federal Magnuson-Moss Warranty Act, California Song-Beverly Consumer Warranty Act, and fraud by concealment. It also alleged that Plaintiff is a resident of California. On December 4, 2017, Ford filed its Notice of Removal, alleging federal question jurisdiction and diversity jurisdiction. On December 26, 2017, Plaintiff filed his First Amended Complaint ("FAC"), withdrawing his federal cause of action and adding Defendant Decker Ford, Inc., DBA Future Ford of Clovis ("Decker"), a non-diverse defendant. Plaintiff

moves to remand for lack of federal question and diversity jurisdiction. Defendants move to strike the portions of the FAC that refer to Decker.

Removal is proper if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). Federal subject matter jurisdiction depends upon the circumstances that exist at the time of removal. *Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 908 F.2d 564, 566 (9th Cir. 1992).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff's Complaint alleged a federal claim pursuant to the Magnuson-Moss Act. For original jurisdiction over a claim under the Magnuson-Moss Act, the amount in controversy must exceed $50,000. 15 U.S.C. § 2310(d)(3). Here, the amount in controversy does not exceed $50,000. Accordingly, there is no federal question jurisdiction.

Federal courts have diversity jurisdiction over civil actions where the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. However, the amount in controversy in this case does not exceed $75,000. There is no diversity jurisdiction.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand Case to San Luis Obispo County Superior Court is GRANTED. (Dkt. 14).

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Portions of Plaintiff's First Amended Complaint is MOOT. (Dkt. 17).

Dated: April 5, 2018

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE